A rule for a new trial was supported by Whiteside, for the defendants, upon two grounds, that it was proved upon the trial, the defendants lived south of the line run by the commissioners of the U. States, in the year 1797. That this running was obligatory, whether strictly agreeable to the treaty of Holston, or not. It was done by competent authority, and therefore binding. The land in the cultivation and possession of the defendants, was not within the district of Hamilton, in which the judgment was obtained, at any time previous to the date of the deed of the lessor of the plaintiff;
 
 t
 
 herefore the lien could not extend to the land in the occupation of the defendants. It is under the lien alone
 
 *234
 
 that the defendants can claim. As to the second ground the defendants rely upon shewing a better title out of the lessor of the plaintiff under the letter of attorney from Donelson to Grant, and the deed of conveyance from Grant to Allison. That the letter of attorney authorised the conveyance of 120,000 acres, reciting, that upon actual survey, there was found to be upwards of 200,000 acres reserving the surplus. It had been decided, that if there was not more than 120,000 acres beside older claims in the patent, that Grants deed would operate as a conveyance, u
 
 t res magis valent quam pereat.
 
 This he was not disposed to contest as the deed from Grant mentioned there were older claims, and in as much as it could not be conceived, that Donelson in his letter of attorney ever designed, that older claims should be included; but surely if the defendants have a mind to avail themselves of this defence, they should make it complete by shewing, that the older claims will reduce the quantity of the whole tract to 120 000 acres or under; for if the surplus should be greater, Grants deed could not operate as a deed at all, but only as a covenant, as the
 
 excess
 
 or quantity above 120,000 acres could not be seperated, and of this opinion was Overeon, j. sitting alone.